UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No. 5:10-cv-57-RLK-DCK

MATT JENKINS,

              Plaintiff,

v.                                                          **ANSWER**

JOSEPH, MANN & CREED,

              Defendant.

      NOW COMES Defendant Media Collections, Inc. d/b/a Joseph, Mann & Creed ("Defendant"), by and through undersigned counsel, and responds as follows to Plaintiff's Complaint:

## FIRST DEFENSE

      Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

      In response to the allegations contained in the introductory paragraph of Plaintiff's Complaint, it is admitted that Plaintiff appears to be asserting claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et. seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; and N.C. Gen. Stat. § 58-70, *et. seq.*, but Defendant denies any damages, liability and/or violations to the extent alleged in the introductory paragraph. Except as specifically admitted herein, the allegations contained in Plaintiff's Introduction are denied.

## SECOND DEFENSE

Responding to the specific numbered paragraphs of Plaintiff's Complaint, Defendant hereby alleges and says as follows:

## THE PARTIES

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore the same are denied.

2.      The allegations contained in Paragraph 2 of Plaintiff's Complaint contains a legal conclusion to which a response is not required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore the same are denied.

3.      It is admitted that Media Collections, Inc. is a foreign corporation organized under the laws of Ohio and does business as Joseph, Mann & Creed.  Except of admitted herein, the remaining allegations of this paragraph are denied

4.      The allegations contained in Paragraph 4 of Plaintiff's Complaint contain a legal conclusion to which a response is not required.  To the extent a response is required, Defendant admits that when it acts as a collection agency as defined by N.C. Gen Stat. 58-70-90(1), its actions may be subject to regulation pursuant to the statute. Except as specifically admitted, Defendant denies the remaining allegations of this paragraph.

5.      The allegations contained in Paragraph 5 of Plaintiff's Complaint contain a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits that when it acts as a debt collector as defined by 15 U.S.C. 1692a(6), its debt collection activities may be subject to regulation pursuant to the statute. Except as specifically admitted, Defendant denies the remaining allegations of this paragraph.

2

## JURISDICTION

6.      Defendant admits that this Court has jurisdiction.  Except as specifically admitted herein, Defendant denies the remaining allegations of this paragraph.

7.      It is admitted that Media Collections, Inc. is a foreign corporation organized under the laws of Ohio and does business as Joseph, Mann & Creed. It is further admitted that Media Collections d/b/a Joseph, Mann & Creed engages in the collection of debts from consumers in this judicial district.  Except as admitted herein, the remaining allegations of this paragraph are denied.

8.      Upon information and belief, Defendant admits that venue for Plaintiff's Complaint was proper in Iredell County, North Carolina, but denies that Plaintiff has any claim therein.  Defendant admits that venue is also proper in The United States District Court for the Western District of North Carolina, Statesville Division, the court to which this action has been removed.

## FACTUAL ALLEGATIONS

9.      Denied.

10.      Denied.

11.      Denied.

12.      It is admitted that Defendant placed certain calls to Plaintiff at the telephone number (562) 882-0300 during the period August 1, 2008 through May 31, 2009.  Except as specifically admitted herein, the remaining allegations of this paragraph are denied.

13.      Denied.

CHARLOTTE/025511/004/403913v1

14. It is admitted that the telephone calls Defendant placed to Plaintiff's telephone number (562) 882-0300 were not placed for an emergency purpose. Except as specifically admitted herein, the remaining allegations of this paragraph are denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore the same are denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore the same are denied.

20. It is admitted that Defendant is not licensed to practice law in the State of North Carolina. The remaining allegations of this paragraph are statements of law to which no response is required. To the extent a response is required, Defendant denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore the same are denied.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore the same are denied.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE TCPA**

23. Defendant incorporates its responses to paragraphs 1 through 22 and re-alleges them as though fully set forth herein.

24. Denied.

25. Denied.

4

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

26.    Defendant incorporates its responses to paragraphs 1 through 25 and re-alleges them as though fully set forth herein.

27.    Denied.

28.    Denied

29.    Denied.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

30.    Defendant incorporates its responses to paragraphs 1 through 29 and re-alleges them as though fully set forth herein.

31.    It is admitted that Defendant is not licensed to practice law in the State of North Carolina.   The remaining allegations of this paragraph are statements of law to which no response is required and therefore the same are denied.   To the extent a response is required, Defendant denies the same.

32.    Denied.

33.    Denied.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

34.    Defendant incorporates its responses to paragraphs 1 through 33 and re-alleges them as though fully set forth herein.

35.    Denied.

36.    Denied.

37.    Denied.

5

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

38.     Defendant incorporates its responses to paragraphs 1 through 37 and re-alleges them as though fully set forth herein.

39.     Denied.

40.     Denied.

41.     Denied

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

42.     Defendant incorporates its responses to paragraphs 1 through 41 and re-alleges them as though fully set forth herein.

43.     Denied.

44.     Denied.

45.     Denied.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

46.     Defendant incorporates its responses to paragraphs 1 through 45 and re-alleges them as though fully set forth herein.

47.     The allegations contained in paragraph 47 and all of its subparts are denied.

48.     Denied.

49.     Denied.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

50.     Defendant incorporates its responses to paragraphs 1 through 49 and re-alleges them as though fully set forth herein.

6

51.     The allegations contained in paragraph 51 and all of its subparts are denied.

52.     Denied.

## THIRD DEFENSE

Any violation of law by Defendant, which is specifically denied, resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

## FOURTH DEFENSE

Defendant denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of Defendant's alleged violations.

## FIFTH DEFENSE

Plaintiff is barred from recovery in this action under equitable principles, including unclean hand and estoppel.

## SIXTH DEFENSE

Plaintiff failed to mitigate any damages.

## SEVENTH DEFENSE

Defendant did not make any false or misleading representations to Plaintiff or anyone else.

## EIGHTH DEFENSE

Plaintiff did not justifiably rely upon any alleged false or misleading representation.

## NINTH DEFENSE

If Plaintiff was injured or damaged, any and all such injury or damage was as a proximate result of the intervening and/or superseding acts and/or omissions of persons and/or entities not under the control of Defendant.

CHARLOTTE/025511/004/403913v1

## TENTH DEFENSE

If Plaintiff was injured or damaged, any and all such injury or damage was as a proximate result of the actions of Plaintiff.

## ELEVENTH DEFENSE

If Plaintiff was injured or damages, any and all injury or damage was as a proximate result of circumstances beyond the control of Defendant.

## TWELFTH DEFENSE

If, in fact, Defendant performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

## THIRTEENTH DEFENSE

At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor or original creditor of the account.

## FOURTEENTH DEFENSE

To the extent the Defendant did not use an automatic telephone dialing system or an artificial or prerecorded voice system automated to call the Plaintiff, the calls are not subject to the TCPA.

## FIFTEENTH DEFENSE

Plaintiff is a pro se litigant and is not entitled to recover attorney's fees as such.

## SIXTEENTH DEFENSE

Defendant's conduct was in good faith in conformity with the applicable rules, regulations and statutory interpretations.

8

**SEVENTEENTH DEFENSE**

At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor or original creditor of the account.

**EIGHTEENTH DEFENSE**

To the extent Plaintiff is entitled to damages, which is specifically denied, the Plaintiff's recovery is limited to the statutory limitations set forth in 15 U.S.C. § 1692, N.C.G.S. § 58-70-90 *et seq.* and 47 U.S.C. § 227.

**NINETEENTH DEFENSE**

To the extent the events complained of occurred outside the applicable statute of limitations, the same are time barred.

**TWENTIETH DEFENSE**

Defendant specifically reserves its right to assert such other and affirmative defenses as the same are discovered through the course of investigation and discovery.

WHEREFORE, Defendant prays the Court as follows:

1.     That Plaintiff have and recover nothing and that his Complaint be dismissed with prejudice;

2.     That Defendant be awarded its reasonable attorney fees and costs as provided under applicable law; and

3.     That the costs of this action be taxed against Plaintiff and awarded to Defendant; and

4.     That the Court award such other and further relief as it deems just and proper.

CHARLOTTE/025511/004/403913v1

This the 3rd day of May, 2010.

**POYNER SPRUILL LLP**


By:   /s/ Courtauld M. Young
      Courtauld M. Young
      NC State Bar No. 28167
      301 South College Street, Suite 2300
      Charlotte, NC  28202
      Telephone:  (704) 342-5250
      Facsimile:  (704) 342-5264
      Email: cmyoung@poynerspruill.com

      ATTORNEYS FOR DEFENDANT
      MEDIA COLLECTIONS, INC. D/B/A
      JOSEPH, MANN & CREED

CHARLOTTE/025511/004/403913v1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing *Answer* by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail, addressed to the following person(s) at the following address which is the last address known to me:

Matt Jenkins
104 Kilborne Road
Mooresville, NC  28117
***Plaintiff***

This the 3rd day of May, 2010.

/s/ Courtauld M. Young
Courtauld M. Young
NC State Bar No. 28167
301 South College Street, Suite 2300
Charlotte, NC  28202
Telephone:  (704) 342-5250
Facsimile:  (704) 342-5264
Email:  cmyoung@poynerspruill.com

CHARLOTTE/025511/004/403913v1